## Foster *against* Walton.

Although a deed of conveyance of land may be fraudulent and void as to creditors, by virtue of the statute of 13 Eliz., yet none but creditors can take advantage of the fraud; a subsequent purchaser with notice of such prior conveyance is concluded by it.

ERROR to the common pleas of *Westmoreland* county.

This was an action of ejectment by John Foster against Samuel Walton, in which both parties claimed under Robert Register; the plaintiff, by a deed dated the 17th of February 1820, and the defendant by a deed dated the 20th of September 1820. It was proved, that Walton was aware of the conveyance to Foster, when he took his deed. The defendant offered to prove that at the time Register conveyed to Foster he was indebted, and that the conveyance was to defraud his creditors. This evidence was objected to by the plaintiff; but the court overruled the objection and sealed a bill of exceptions; and in their opinion to the jury, submitted the fact to them, with instruction, that if the deed was for the purpose of defrauding creditors it was void, and the plaintiff could not recover.

The reception of the evidence, and this instruction were assigned for error, and argued by

*H. D. Foster* and *Coulter,* for plaintiff in error.
*Findlay* and *Nichols,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The court below, on the trial of this cause, seems to have considered it as a contest between the creditors of Robert Register, or one standing in their shoes and entitled to claim the benefit of the same shield provided for their protection and relief by the statute of 13 Eliz. and the fraudulent grantee of Register; for the president judge in his answer to the plaintiff's first point admits distinctly that the conveyance, from Register to Foster the plaintiff, is good as between the parties to it, but then in his charge to the jury, he says explicitly, that if the conveyance from Register to Foster was voluntary, "the subject for their consideration would be, was it or was it not concocted for the purpose of defeating all or any of the just creditors of the grantor? If that was the intention of the parties, it was *altogether void.*" And again, in answer to the plaintiff's fourth point, he repeats and says, "the main, I might say the only question is, whether the conveyance was intended to delay, hinder, or defraud all or any of the grantor's creditors. If that was its real design and the facts and circumstances will warrant you to draw this conclusion, notwithstanding

[Foster v. Walton.]

some of these creditors have been since satisfied, the deed ought to be regarded, not as merely voidable, but *altogether null and void,* in the words of the law, to all intents and purposes whatsoever." But it is perfectly manifest, that none of the creditors of Register is a party, or in any way interested in this suit; and it is equally clear that Walton, who is the only defendant and person interested as such, cannot claim to stand in their shoes; for he is not a purchaser of the land in question, at a judicial sale thereof, made at the suit of any one or more of the creditors; which is the only way that he as a purchaser could have become invested with their rights under the statute of 13 Eliz., but a purchaser as it would seem, by the evidence, directly of Register himself, with full notice of the previous conveyance made by Register of the land in dispute, to the plaintiff. This misconception of the case, actually presented by the evidence, produced a misapplication of the law and consequent misdirection therein, by the court to the jury. The statute 13 Eliz. *c.* 5, embraces conveyances made covenously, with intent to delay, hinder, or defraud creditors and renders all such conveyances void as against them ; but not as against subsequent purchasers. These are embraced and provided for by the statute of 27 Eliz. *c.* 4, which makes void as against them, when they are *bona fide* purchasers for a valuable consideration, all previous as well as subsequent conveyances of the same lands, made by their grantors with intent and of purpose to defraud and deceive either prior or subsequent purchasers *bona fide,* for valuable consideration. It is very apparent, that the objects of these two statutes are entirely distinct and different from each other, and, therefore, ought not to be confounded. A voluntary deed of conveyance may be void under the provisions of the first, as against creditors, and yet good and available against a subsequent purchaser for a valuable consideration of the grantor with notice. See Lancaster *v.* Dolan, 1 *Rawle* 281. A purchaser and a creditor are certainly not identical, but different characters, and are frequently placed on a quite different footing in the law; so that a deed of conveyance, made exclusively with intent to defraud the one, cannot be considered as having been made with a design to defraud the other. Indeed the very fact of its being made with an intent to defraud the creditors of the grantor, goes to show that it was not made on purpose to defraud a purchaser merely of the estate. Besides, to hold otherwise, would be to confound the operation of the two statutes contrary to the express terms thereof, and the manifest intention of the legislature; for had the design of passing each been the same, the latter statute would have been deemed unnecessary and therefore would never have been enacted. A purchaser in terms is not mentioned in the first statute, and the circumstance of the second having been passed, shows conclusively that he was not considered as being included within the terms of the first. The court below, therefore, was in error in charging the jury, that if they should be of opinion that

Register made the conveyance to Foster with intent to delay, hinder, or defraud his creditors it was void as against the defendant, who was not a creditor of the grantor, but a purchaser of the land directly from him.

Seeing then that the statute of 13 Eliz. cannot be made, consistently with the design of it, to protect the defendant, it may be well to see whether the statute of 27 Eliz. can be brought to his aid. If, at the time he bought the land of Register, or even before he paid his money for it, he was apprised, as the evidence would seem to show he was fully, of the previous conveyance of the land by Register to the plaintiff, then, according to the construction put on this latter statute and the principles laid down by this court in Lancaster and Dolan, the defendant has no claim to protection under it as a purchaser. This case was decided after a very able and full discussion of the construction which ought to be given to this statute, and is now considered, as having settled the law on this point, in Pennsylvania. The chief justice, in delivering the opinion of the court in it, shows by a course of reasoning and by language that cannot be resisted or easily forgotten, the injustice and iniquity that would necessarily follow from permitting a voluntary grantor to defeat his own conveyance, by making a subsequent sale of the land, because he is paid for it. He says, 1 *Rawle* 246, " It is admitted that a voluntary conveyance is good between the parties; and it is a common principle of equity, that an assignee with notice, must *abide by the case of the assignor.* But the pretended equity of a *subsequent* purchaser with notice, even as *against* a *volunteer*, would spring from an act, the consequence and design of which would be to enable the *donor to cheat the donee.* The purchase would be an *act of collusion*, and all the fraud would be *on the side of the purchaser.*" If the defendant in the present case had notice of the plaintiff's conveyance at the time he bought, or before he paid his money, there seems to be no circumstance which he can lay hold of, that would seem to relieve him from the imputation of fraud, which is so clearly shown here by the chief justice, to exist in such case, on the side of the subsequent purchaser. It certainly cannot be considered a sufficient apology and justification for him, having full notice, that he purchased, because the plaintiff had joined with Register, in taking a conveyance from the latter, for the purpose of defrauding his creditors. It is only the party who is likely to be injured by such conveyance that can claim to have it annulled; but if he does not chose to stir in the matter, why should any other be permitted to interfere? Surely no good can result from it. The peace and well being of the community is not affected by the act, so as to make it a public offence; and therefore, to permit a person who has no concern in the matter, to take the land from the party to whom it has been conveyed by the most solemn, wilful and deliberate act of the owner, and in effect, against the will of the grantee, to give it back in whole, or in part,

[Foster v. Walton.]

again to the grantor, by paying him its full or half value, would be introducing a very extraordinary principle into our jurisprudence, for regulating and transferring the rights of individuals. If such an interference were to be sanctioned, it would be productive of a new source and continual state of strife and litigation. Besides, the deed from Register to the plaintiff, being admitted by the court below, and by every one to be perfectly good and binding, as between the parties to it, to permit the grantor, by selling the land to one with notice to set it aside, would involve the strange anomalism, of enabling him to do, by indirect means, what he is prohibited from effecting directly. It may also be remarked, that to permit this to be done, would be in contradiction to every principle of public policy, which makes the act of the fraudulent grantor binding upon him, so far as he or his representatives are concerned, with a view to deter from, and discourage such fraudulent acts. But if he can sell the land to whom he pleases, he is in effect the owner of it still, and has forfeited or lost nothing by his fraudulent conduct. The law, however, has no such regard for him as to enable him either directly or indirectly, to annul his own conveyance, though fraudulent, with a view to promote his interest; and it is only where he has afterwards sold and conveyed the land to an innocent purchaser without notice for a valuable consideration, that the law will interpose and set the voluntary or fraudulent conveyance aside, in order to prevent a loss from falling on such innocent purchaser. It is, therefore, out of regard to this latter, and not the grantor, that the law deals thus with the fraudulent conveyance.

Having shown that the interests or rights of the creditors of Register were not concerned in this case, his indebtedness, at the time of making the conveyance to the plaintiff, could not have been material to the issue, and the court, therefore, erred in receiving the evidence tending to prove this fact upon its being objected to by the counsel for the plaintiff. For this cause, as well as the misdirection of the court to the jury, already noticed,

Judgment is reversed, and a *venire de novo* awarded.