## McGUIRE, Adm'r, v. MILLER.

1. Though, as between the grantor, and grantee, of a fraudulent deed, the deed is obligatory, yet a *bona fide* purchaser from the fraudulent grantor, or his representative, may insist on the fraud in avoidance of the deed.

Error to the Circuit Court of Tuscaloosa. Before the Hon. T. A. Walker.

This was an action of detinue, brought by the plaintiff's intestate, and renewed after his death, in the name of the plaintiff in error. On the trial, a bill of exceptions was taken to the ruling of the circuit judge, which shows that the plaintiff, to show title on his part, introduced and read, a deed of trust executed by Peter Donaldson, of the first part, and Drish and Hodges, of the second part, by which deed, the slave in controversy, with other property, was conveyed to Drish and Hodges, and by the terms of the deed, the slave was to be delivered, and conveyed to William H. Crawford Donaldson, the son of the grantor, as soon as he should become of lawful age. The deed also provided for the other members of the family of the grantor, and contains a covenant, or reservation, that the slaves, and other property, shall remain in possession of the grantor, free of hire, or rent, un-

til the time should arrive, at which the trust in favor of the children should be executed, by delivering to each, the property allotted to him or her by the deed.

The plaintiff also proved, that the intestate, William H. C. Donaldson, was the same person mentioned in the deed, and that the slave sued for, is the same allotted to him. That the administrator of the grantor, Peter Donaldson, had sold said slave a few days after the intestate had become of age, by order of the orphans' court of Tuscaloosa, and the defendant became the purchaser at such sale. The deed of trust bore date in 1831, and had been recorded within proper time, but was probated before a justice of the peace.

The defendant proved, that prior to the sale of the slave, by the administrator of the grantor, his estate had been declared insolvent, and also proof tending to show, that the deed was fraudulent in fact, and was made with the intent to defraud creditors, residing at the time in the State of Georgia. It was also proved, that the plaintiff's intestate was present at the administrator's sale, and made no objection, but asked one of the witnesses to bid off the slave for him, and that he would pay him when he got able. The plaintiff proved that all the debts due in Georgia, had either been avoided by the grantor, by the plea of the statute of limitations, or had been otherwise arranged, before the accruing of any of the debts on account of which the estate of the grantor was declared insolvent ; and that at the time of declaring the estate insolvent, there existed no debt which accrued before the making of the deed ; and that after the execution of the deed, the grantor became, and for some time continued, solvent, though he died in embarrassed circumstances.

The counsel for the plaintiff requested the court to charge the jury, 1. That the fact that the deed was intended to hinder, and defraud non-resident creditors, whose debts had become barred by the statute of limitations, would not bar a recovery in this action.

2. That although the deed was fraudulent, yet it was valid against the grantor, and his administrator, and consequently against the purchaser at the administrator's sale, the deed having been duly proved and recorded.

These charges the court refused to give, but charged, that

if the deed was fraudulent in its inception, it was void, to all intents and purposes, as to this case, and the plaintiff could not recover. Under this charge, the plaintiff took a non-suit, and excepted to the charge given, as well as to the refusal to charge as requested.

P. & J. L. MARTIN, for the plaintiff in error.

1. A deed, though fraudulent as to creditors and purchasers, is valid between the grantor and grantee, and may be enforced. Rochelle v. Harrison, 1 Ala. 237; Eddins v. Wilson, 8 Por. 357.

2. A conveyance of property, though void as to existing creditors when made, is valid between the parties, and also against subsequent creditors, with notice of such conveyance.

3. A purchaser of property at an administrator's sale, can acquire no better title than the intestate held at the time of his death, in the article sold.

E. W. PECK, contra.

1. The deed under which the plaintiff's intestate claimed to recover the slave in this case, was fraudulent and void ; it was not only fraudulent as a voluntary deed, but the actual intent of the deed, as proved by the witnesses, Drish and Braly, was to hinder and delay creditors.

2. Again, the possession of the property was never out of the pretended donor ; he continued in the possession to the time of his death. The possession then, went to the administrator as a part of the estate, was inventoried and appraised as such, was ordered to be, and was actually sold as such— the plaintiff's intestate being present, and setting up no claim, but actually asked the witness, Braly, to buy the slave for him, and he (intestate) would pay him when he was able.

3. Furthermore, the deed, although recorded, was no notice, because it was not proved, as required by the statute of frauds; it was not proved either in the circuit or county court; proof before a magistrate was a mere vain act. But more, at the time this probate was made, one justice could not take the probate of any deed required to be recorded. The act of 1836, was the first act that gave this power to one justice. Clay's Dig. 157, § 39. The probate of this deed

was made in 1831; but I am not driven to this argument in this case, for the deed being a voluntary deed, is expressly declared void as to creditors and purchasers, unless proved in the circuit or county court. The defendant in error, therefore, was a *bona fide* purchaser for valuable consideration, and without notice, and consequensly not affected by the deed of gift.

DARGAN, J.—It is contended, that although the deed may have been fraudulent in its inception, and intended to delay, and hinder the creditors of the grantor, yet it was valid as against him, and his administrator; and being valid as against the grantor, and his administrator, it must also be valid against a purchaser at the administrator's sale.

It is very certain, that a recovery could not be resisted, on the ground of the fraudulent intent with which the deed was executed, if the suit was brought by the grantee, against the fraudulent grantor, or his administrator; for the statute which declares the deed void as to creditors, and *bona fide* purchasers, makes it valid as against the grantor and his representatives. Rochelle v. Harrison, 8 Por. 357; Eddins v. Wilson, 1 Ala. 237. But the question is entirely changed, when the suit is brought by the fraudulent grantee, against a *bona fide* purchaser of the grantor, or of his administrator. Such a purchaser may insist on the fraud in avoidance of the deed, by the express terms of the act. Eddins v. Wilson, 1 Ala. 237. And notwithstanding the deed is valid against the grantor, yet if he retain possession, and sell for a valuable consideration to another, such a purchaser will acquire a valid title to the chattel, and the title of the fraudulent grantee, will be defeated by it.

The ruling of the court accords with the view here taken, and the judgment is affirmed.