## ANN PRESTIDGE *v.* WILLIAM COOPER.

1. FRAUDULENT CONVEYANCE. *As to subsequent purchaser.    Rule in England.*

   The prevailing English doctrine is that a subsequent purchaser for value can avoid a previous voluntary fraudulent conveyance, even though he had actual knowledge of its existence before receiving the deed to himself.

2. SAME. *Rule in United States.*

   In the United States, the general doctrine is that the right of the subsequent purchaser to avoid the first conveyance will depend on whether he had notice of its existence at the time of his purchase.

3. SAME. *Rule in Mississippi.*

   Under §§ 2893, 2894, Code 1871 (arts. 2, p. 358, and 3, p. 359, Code 1857), a fraudulent conveyance is void as to subsequent purchasers, only when made with intent to defraud such purchasers; and they cannot take advantage of the fact that such conveyance was made with intent to hinder, delay and defraud existing creditors.

4. SAME. *Where purchase-money used to pay prior creditors.*

   *Quære,* Whether, if the purchase-money paid by the subsequent purchaser was, in accordance with an agreement at the time of sale, paid over to the existing general creditors at large of the vendor, the subsequent purchaser could, on a bill properly framed, subject the land.

APPEAL from the Chancery Court of Lawrence County.

Hon. JOHN E. McNAIR, Chancellor.

*H. C. Fairman,* for the appellant.

1. The bill alleges a legal title in the complainant, but does not show him to have been the *real owner* within the meaning of the law, so as to entitle him to maintain a bill to remove clouds. It does not allege that the complainant is in posses-

sion. His remedy, if any, on the case made by the bill, is at law. *Huntington* v. *Allen*, 44 Miss. 654.

2. The bill admits that Robert Prestidge had, by deed signed, sealed, delivered and recorded, conveyed the property in controversy to his children one month before the complainant purchased.

(1.) On the idea of removing a cloud, the attitude of the complainant would not be more unreasonable if he had come into equity setting up that his neighbor B. owned a valuable tract of land, and he (the complainant) desired to get possession of it, and asked the court to cancel B.'s title, in order that it might not become vexatious in future.

(2.) As to the attack on the deed as being void because made to defraud creditors, the complainant does not show himself to have been a creditor, and, as a subsequent purchaser, he has no right to complain. *Whitney* v. *Freeland*, 26 Miss. 481.

*Frank Johnston*, on the same side.

1. This is not a case for equitable relief. The bill is *quia timet* to remove a cloud from the title to real estate, both titles being purely legal. *Carlisle* v. *Tindall*, 49 Miss. 229 ; *Glazier* v. *Bailey*, 47 Miss. 395, 403. The only question in the case is, which of the two legal titles is the better.

2. On the evidence, the complainant is not entitled to relief. He was bound to prove his case against the minor. *Johnson* v. *McCabe*, 42 Miss. 255. The deed of gift was effectual, Code 1857, p. 306 ; and irrevocable by the grantor, 1 Parsons on Contracts, 234. The complainant is not a creditor, but a subsequent purchaser with constructive notice of the first deed. A second purchaser with constructive notice cannot defeat a prior deed on the ground that the creditors of the grantor might have defeated it to the extent of their debts.

*Chrisman & Thompson*, for the appellee.

The complainant proceeds on the theory that the deed from Prestidge, deceased, to his children, is void, for two reasons : 1. It was intended as a fraud on creditors ; and by an arrangement between Prestidge and the complainant, to which the creditors assented, Cooper paid the creditors, and, being thus subrogated to their rights, the deed is void as to him. 2. The

deed having been made by Prestidge, deceased, to defraud subsequent purchasers, of which deed Cooper had no actual notice when he bought, is void as to him, notwithstanding its previous registration.

As to the first proposition : What the law does compulsorily the parties may do voluntarily. *Wiley* v. *Gray*, 36 Miss. 510, 516. The subrogation which a court decrees has already supervened. The object of the law which devotes a man's property to the payment of his debts against the claim of volunteers is accomplished. A volunteer under a fraudulent conveyance cannot compel a creditor to surrender property which he took in payment of his debt. If the creditor could have acquired and conveyed a good title to the complainant, why may he not receive the title from the debtor, the creditors getting the purchase-money and assenting ? What equity has the volunteer ?

As to the second proposition, it may be said that the bill is not framed for relief on the ground that Cooper is a defrauded subsequent purchaser. That is true ; but it cannot be denied that the facts charged and proved all tend to show that the complainant had no actual knowledge of the fraudulent deed : he was persuaded by the vendor to buy, and paid full value, and was, in fact, within the meaning of the statute, though he has not, in his bill, characterized the transaction by the right name. A court of equity looks to the facts, and not to the epithets of the pleader. The practical operation of the scheme is what the law condemns, and is the ground of the complainant's title to relief. *Dease* v. *Moody*, 31 Miss. 617 ; *Dodge* v. *Evans*, 43 Miss. 570.

CHALMERS, J., delivered the opinion of the court.

In 1860, Robert Prestidge, in fraud of his creditors, made a voluntary conveyance of all his property, consisting of lands and slaves, to his two infant children, and at once recorded the deed. One month thereafter, he sold the same property to Cooper and another for a full price, receiving payment. These vendees took possession, and have since remained in possession, except as to a portion of the land, of which they were deprived by a superior title. Cooper, having acquired

the interest of his partner, files this bill, alleging that Robert Prestidge being now dead, his daughter (his sole surviving child), who is now approaching her majority, is threatening to bring suit to recover the land by virtue of her title under the fraudulent conveyance. He files this bill *quia timet* to have said conveyance vacated and cancelled. He alleges that, at the time of his purchase, he had no actual knowledge of the existence of the fraudulent conveyance. But the depositions of his own witnesses leave this quite doubtful.

Conceding that he was ignorant of it, and admitting that the strength of the opposing legal titles can be tested in this manner, it is evident that, under our statutes and decisions, he has no case. The various questions, as to the effect of a voluntary conveyance in fraud of creditors upon subsequent purchasers for value, with or without knowledge, which have so long and perplexingly agitated the courts in England and America, were put at rest in this State by the amendment to the Statute of Frauds, embodied in the Code of 1857. The prevailing English doctrine is, that a subsequent purchaser for value can avoid a previous voluntary fraudulent conveyance, even though he had actual knowledge of its existence before receiving the deed to himself, it being held that the first conveyance is absolutely void. In the United States, even in States whose statutes are a literal rescript of the English statutes of 13 & 27 Elizabeth, the general doctrine is, that the right of the subsequent purchaser to avoid the first conveyance will depend on whether he had notice of its existence at the date of his purchase.

It was also held in England for a series of years, and perhaps has not yet been wholly abandoned, that the subsequent purchaser for value, whether with or without notice, might avoid an anterior voluntary conveyance, even though such anterior conveyance was *bona fide*, made for love and affection, and without any intent to defraud creditors, upon the ground that the law treated such conveyances as *ipso facto* void as to creditors and purchasers. It is believed that this latter doctrine, so far as purchasers with notice are concerned, never received the sanction of the American courts, or, if so, to a very limited extent. 1 Story Eq. Jur. § 426 *et seq.* ; *Lancas-*

*ter* v. *Dolan,* 1 Rawle, 231; *Foster* v. *Walton,* 5 Watts, 378; *McGuire* v. *Miller,* 15 Ala. 394; *Long* v. *Wright,* 3 Jones (N. C.) 290; *Vanzant* v. *Davies,* 6 Ohio St. 52; *Fowler* v. *Stoneum,* 11 Texas, 478; *Cathcart* v. *Robinson,* 5 Pet. 263.

In order to set these questions at rest, our codifiers of 1857, in bringing forward the Statute of Frauds of 1822, added to it these words: " Nor shall it, in any case (the statute), extend to creditors whose debts were contracted after such fraudulent act, unless made with intent to defraud them; and, though a conveyance or contract be decreed void as to prior creditors, it shall not, on that account, be void as to subsequent creditors or purchasers." Code of 1857, p. 359, art. 3; Code of 1871, § 2894. A previous clause of the act (art. 2, p. 358, Code of 1857; Code of 1871, § 2893) provides, that fraudulent conveyances shall be void where made to " deceive those who shall purchase the same lands," &c. It follows from these provisions that fraudulent conveyances are only void as to subsequent creditors, when made with intent to defraud such creditors, and that they cannot take advantage of a decree vacating such conveyances as to existing creditors. Subsequent purchasers stand upon the same footing. They can only attack a previous voluntary or fraudulent conveyance by showing that it was made with intent to defraud them, or, in other words, where the vendor, having first, with a view to entrap and defraud them, made a secret conveyance to another person, sells to them the same land.

There is no pretence here that Prestidge's conveyance to his children was with a view to defraud any subsequent purchaser. Both the allegations of the bill and the testimony show that it was executed solely with a view to defraud his then existing creditors; that, becoming afterwards satisfied that he could not thus accomplish his object, he sold to the complainant, with a view of paying off one or more debts, which he provided for, and of pocketing the balance of the proceeds. Having already conveyed the legal title to his children by deed duly recorded, he had nothing which he could convey. If the complainant bought with actual knowledge of the children's title, he cannot be heard to complain. If he bought without inquiry or examination of the records, it is his own

negligence or folly. The children had obtained a good title, except as against existing creditors.

*Decree reversed and bill dismissed.*

The appellee then filed a petition for reargument.

CHALMERS, J., delivered the opinion of the court on this petition.

The petition for reargument suggests that, in point of fact and in accordance with the agreement at the time of purchase, all the purchase-money was paid over to the creditors of the vendor. The bill is not framed with this aspect, nor do we express any opinion as to whether such a payment of ordinary debts at large would affect the result; but, in order that the point may be properly presented, we will reverse and remand the cause, with leave to amend the bill.

