Stevenson v. Edwards.

## STEVENSON *et al.* v. EDWARDS *et al.*, *Appellants.*

1. **Deed: FRAUD.** A deed, though fraudulent as to creditors, is valid as between the parties thereto.

2. **Mortgage: ACCOUNTING.** A mortgagee, who at the foreclosure sale, buys the mortgaged property, must, in an accounting on a bill to redeem the land, account for all the rents received by him, and it is no defense to such an accounting that he paid part of the rents to one who owned a fractional interest in the mortgaged property.

3. **Purchaser Pendente Lite.** Where, pending a bill to redeem certain land from the lien of two deeds of trust, the land is sold under the deeds of trust, and the beneficiary therein becomes the purchaser, he buys subject to the result of the suit to redeem.

4. **Mortgagee: RENTS.** A mortgagee in possession will not be held accountable for more rents than he actually received, unless he has been guilty of fraud or negligence.

5. **Judgment: RES JUDICATA.** Where in a suit to set aside a deed of trust as being a cloud on plaintiff's title, the court finds for the defendant, such judgment is conclusive, even though it may have been for the wrong party, and the case has been overruled in the supreme court in whole or in part as a precedent.

6. **Appellate Practice: CASE ADJUDGED.** A bill in equity was instituted to set aside a deed of trust because it was a cloud on plaintiff's title. The circuit court found it to be a valid lien, and the supreme court affirmed this ruling. A bill to redeem the land from the effect of this and a second deed of trust given, under similar circumstances as the first, was brought. After the decision of this case by the circuit court, the supreme court overruled its decision as to the validity of the first deed of trust. *Held*, on defendant's appeal from the judgment on the bill to redeem, that, as the case was remanded on account of errors in respect to the accounting, the plaintiffs would have leave to amend with respect to the second deed of trust.

*Appeal from Saline Circuit Court.*—HON. GEO. L. HAYS, Special Judge.

REVERSED AND REMANDED.

*W. D. Bush* for appellants.

(1) The circuit court erred in sustaining this action by the plaintiffs, the fraudulent grantees, against the creditors and purchasers, Edwards and Tracy, and against Henry B. Lewis, the fraudulent grantor, because the deed under which plaintiffs claim was utterly void as to Tracy and Edwards. *Henderson v. Dickey*, 50 Mo. 161; *Shaw v. Tracy*, 83 Mo. 224; *How v. Waysman*, 12 Mo. 169; *Gentry v. Robinson*, 55 Mo. 260; *Lillard v. Shannon*, 60 Mo. 522; *Bobb v. Woodward*, 50 Mo. 95; *Henderson v. Henderson*, 27 Mo. 560. (2) The plaintiffs had no title as against Tracy and Edwards, and a court of equity will not regard their fraudulent title. See *Allen v. Berry*, 50 Mo. 90; *Troughton v. Burkes*, 6 Ves. 572, and cases there referred to. They must have title to sue for account. See Hillard on Mortgages, 398 and 399; 2 Story's Equity, sec. 1023; *White v. Pranther*, 1 Knapp, 229. When void not enforcible at law. 2 Story's Equity [4 Ed.] secs. 697, 698. (3) As to Tracy and Edwards the fee in the land was vested in defendant, Henry B. Lewis, and did not descend upon the death of Sally Y. Lewis to plaintiffs because she did not have the fee. See *Shaw v. Tracy*, 83 Mo. 224. (4) The sheriff's deed read in evidence conveyed the fee in the land to defendant Tracy, on the seventeenth of June, 1879, and if Tracy had title, plaintiffs had none, as stated in the answer. See *Henderson v. Dickey*, 50 Mo. 161; *Shaw v. Tracy*, 83 Mo. 224; *Ins. Co. v. Cravens*, 69 Mo. 72. (5) Even if Tracy could be held to account to the fraudulent grantees, it was error to charge him more than the character of his possession yielded him, and the court erred in the admission and exclusion of evidence in refusing to hear evidence in regard to the amounts expended for the support of Henry B. Lewis, and the amount paid costs, fees, etc.,

for Lewis as he had agreed to do as a condition of his getting possession. (6) The supreme court decided that the fee was in Henry B. Lewis and that the deeds of trust were valid, and, after being delayed eight years by useless litigation, the trustee decided at the request of Tracy to advertise and sell and the grantor requested it sold in a body, and it was so sold for its full value, and the sale was legal and could not be set aside at the instance and suit of the fraudulent grantees. See *Shaw v. Tracy*, 83 Mo. 224; *McNees v. Swaney*, 50 Mo. 388; *Allen v. Berry*, 50 Mo. 90.

*Boyd & Sebree* for respondents.

The deed from Charles B. Lewis to Sally Y. Lewis, even though fraudulent as to Tracy as a subsequent purchaser or creditor, was good as to Henry B. Lewis, and, Sally Y. Lewis being dead, the title to the land is now vested in plaintiffs and defendants Sally, Ella and Joe Vaughn, and they are entitled to redeem. Henry B. Lewis cannot plead his own fraud, nor can his co-defendants for him. *Henderson v. Henderson*, 13 Mo. 157; *McLaughlin v. McLaughlin*, 16 Mo. 249; *Reid v. Mullins*, 48 Mo. 344; *Hall v. Callahan*, 66 Mo. 323; *Shaw v. Tracy*, 83 Mo. 224.

·BLACK, J.—This is a suit in equity to redeem one hundred and sixty acres of land from the lien of two deeds of trust. The court awarded a decree according to the prayer of the petition, and the defendants appealed.

The plaintiffs are the children of Sally Y. Lewis, and the defendants are Edwards, Tracy and Henry B. Lewis, who was the husband of Sally Y. Lewis. There are some other defendants, but it is not necessary to make special mention of them. The land was purchased with the money of Henry B. Lewis, except some six hundred dollars advanced by Charles B. Lewis. It

was conveyed to Charles, who held it for Henry. On October 27, 1864, Charles B. Lewis conveyed it to Sally Y. Lewis in trust for her sole use during her life, and after her death for the use of her children and her husband, Henry B. Lewis, the property in no event to be liable for the debts of her said husband. The deed was duly recorded in the year 1865. Thereafter, and on March 10, 1871, Sally Y. Lewis and Henry B. Lewis conveyed the land to Edwards in trust to secure their note of the same date for seven hundred dollars, payable to defendant Tracy. In 1873 they made a second deed of trust to Edwards to secure their note to Tracy for three hundred dollars. These deeds of trust profess to convey the fee, though Sally Y. Lewis had but a life estate.

In 1877, after the death of Sally Y. Lewis, these plaintiffs brought a suit against the present defendants to set aside and cancel the seven-hundred dollar deed of trust on the ground that it was a cloud on their title. To that suit these defendants answered that the land was purchased with the money of Henry B. Lewis and was conveyed to Sally Y. Lewis to defraud the creditors of said Henry. The court found the issues for the defendants and dismissed the plaintiffs' petition, and that judgment was affirmed by this court. *Shaw v. Tracy*, 83 Mo. 224. The seven-hundred dollar deed of trust having been thus adjudged to be a lien on the land, even as against the plaintiffs, they brought this suit to redeem from that and also from the three-hundred dollar deed of trust.

1. The first claim on the part of the defendants is that as the deed to Sally Y. Lewis for life, remainder to her children, has been adjudged to be a fraudulent and void conveyance, these plaintiffs have no interest in the property and therefore no standing in this case. That deed was adjudged to be fraudulent and void as to the

creditors of and purchasers from Henry B. Lewis in the case of *Shaw v. Tracy, supra*. But it does not follow that it is a nullity for all purposes. A deed, though fraudulent as to creditors, is valid as between the parties thereto. *George v. Williams*, 26 Mo. 190; Wait on Fraud. Con., sec. 395. Such a conveyance is void only as to the creditors, and then only, to the extent necessary to pay the debts. Satisfy the debt and the conveyance must stand. Nor do we see that it can make any difference that Tracy is to be deemed a purchaser also; for his deeds of trust are in effect but mortgages, and are of no validity upon the payment of the debts thereby secured. The plaintiffs have a right to prosecute this suit.

2. It follows from what has been said that Tracy must account for all the rents received by him, and it is no defense to such an accounting that he has paid part of the rents to his co-defendant Henry B. Lewis. The evidence of such payment and of a settlement of the rents between Tracy and Henry B. Lewis was therefore properly excluded.

3. After this suit had been commenced, the land was sold under the deeds of trust and Tracy, the beneficiary, became the purchaser. Having purchased pending the litigation, he purchased subject to the result of the suit, and, so far as this case is concerned, is in no better position than he would have been had there been no sale.

4. In a supplemental brief of the appellants, some reliance is placed upon a sheriff's deed, dated in June, 1879, purporting to convey the land to Tracy under an execution issued upon a judgment rendered in 1878, in favor of Tracy and against Henry B. Lewis. Nothing is claimed by reason of this deed in the answer. It is not set up or mentioned in any of the pleadings in this case and has nothing to do with any of the issues. It will be disregarded here as it doubtless was by the trial court.

5.  Tracy took possession of the land on March 1, 1880, and leased it out until March, 1886.  The trial court charged him with rents at four hundred and forty dollars per annum on the evidence of two or three witnesses who testified as to the rental value of the property.  The other proof is conclusive that he only received from three hundred and fifty-five to four hundred dollars per annum, the amount for each year being given.  A mortgagee in possession will not be held accountable for more rents than he actually received, unless he has been guilty of fraud or negligence.  There is no evidence of either in this case, and the defendant Tracy should have been charged only with the rents which he received.  *Turner v. Johnson,* 95 Mo. 431.  The property was out of repair and in a dilapidated condition when Tracy took possession, and it is shown that he expended in repairs $230.85.  These repairs were necessary and proper and he should have been credited with the full amount.

6.  This brings us to some questions made in the brief of the respondents, the plaintiffs below.  The seven hundred-dollar deed of trust having been adjudged to be a lien on the reversionary interest of the plaintiff in *Shaw v. Tracy, supra,* they were obliged to file this bill to redeem.  The judgment in that case is made to flow from the fact that the deed to Sally Y. Lewis was made in fraud of the creditors of and subsequent purchasers from Henry B. Lewis.  Since the present case was decided in the circuit court it has been held that a deed duly recorded, though voluntary and made to defraud creditors, is not void as to subsequent purchasers.  *Bonney v. Taylor,* 90 Mo. 71.  In view of this state of the law the plaintiffs say they ought not to be required to pay these deeds of trust or either of them.  In the first place the petition does not question the validity of either deed of trust.  It is, in its scope and framework, an admission that these deeds of trust are

valid claims on the plaintiffs' property, and the prayer is to redeem. Plaintiffs cannot be heard to question the admission thus made by their pleadings and still standing on the record. Again, the parties to that suit and to this one are the same, and the seven-hundred dollar deed of trust was the subject-matter of that suit and is a part of the subject-matter of this one. The judgment in that case is final and conclusive and cannot be questioned in this suit. *Caldwell v. White*, 77 Mo. 472. The question whether the deed of trust is a charge on the interest of the plaintiffs in the land is *res judicata*, and cannot be relitigated even though the judgment may have been for the wrong party. 1 Herman on Estoppel & Res Judicata, sec. 115. Nor can it make any difference that that case has been in part or whole overruled as a precedent.

The three-hundred dollar deed of trust, however, was not in question in the former case. The plaintiffs did not seek to have it set aside nor is it mentioned in any of the pleadings in that case. It was not a part of the subject-matter of that suit, and, as to it, the plaintiffs are not estopped by the former judgment.

Since the judgment in the present case must be reversed because of the errors in respect of the accounting before mentioned, it will be remanded, and the plaintiffs may amend their petition in respect of the three-hundred dollar deed of trust, if advised so to do. We think the cause should be remanded with such leave in view of the ruling in *Bonney v. Taylor, supra*, made after this case had been decided in the circuit court. RAY, C. J., absent; the other judges concur.