Judge Napton
delivered the- opinion of the court.
This was an action of assumpsit broughtby the administrator of William Henry, deceased, against his widow, and upon her death revived* against her administrator.
*535 It seems that Mrs. Henry, during the life time of her husband, had been permitted by him to dispose of the poultry, eggs, garden vegetables, &e., and retain the proceeds for her separate use. At the time of the death of Mrs. Henry, the money arising from this source amounted, according to some witness, to three, and according to others, to eight hundred dollars. The estate was a large one, and entirely out of debt, and Mrs. Henry retained the money as her own property. The circuit court who tried this case being of opinion that the claim was well founded in equity, and therefore a good defence to this action of Henry’s administrator, gave judgment for the defendant.
The general and well settled rule undoubtedly is, that gifts from a husband to a wife are void at law. Courts of equity will, however, protect a class of gifts of a peculiar character, except against the claims of creditors. Personal ornaments and clothing, or money given to the wife to purchase them, and the personal savings and profits made by the wife in her domestic management, which her husband allows her to apply to her own separate use, have been held to vest in her against the claim of •her husband and her legal representatives. 2. Story Equity and cases cited, sec. 1375. This equitable doctrine is applicable to the facts of the present case, and the defence set up was, in our opinion, available in the action of assumpsit.
Judgment affirmed.