| 63 | 57 |
| 97 | 91 |
| 63 | 57 |
| 107 | 463 |
| 63 | 57 |
| 59a | 309 |
| 63 | 57 |
| 146 | 134 |
| 63 | 57 |
| 152 | 657 |
| 152 | 659 |

EDWARD B. WELCH, ADM'R OF MATILDA M. WELCH, Respondent, *vs.* BENJAMIN F. WELCH, Appellant.

1.  *Husband and wife—Property of wife—Husband's title to.*—Generally speak- ing, if property is not given to the wife as her separate estate for her sole and exclusive use, the husband becomes at law vested with its ownership.

2.  *Wife's separate property—Gift from third person to wife.*—Where gifts from the husband to the wife will be upheld, in equity the same result will attend a gift to her from a third person, which the husband assents to and treats as belonging exclusively to her.

3.  *Husband and wife—Wife's separate property—Live stock conveyed by third person to wife—Wife's title to property and its proceeds.*—Certain live stock was given to the wife by a third person, with the knowledge and consent of her husband, although not conveyed to her as a technical separate estate. Her administrator brought suit to recover money which had been loaned by her from the proceeds of a part of the stock, and also the purchase money due for a part which had been sold by her on credit. It appeared that she had always claimed the stock and the proceeds as her own, and that her hus- band had always treated them as hers absolutely, and that none of his credit- ors or representatives contested the suit of the administrator, or made any complaint, and that their interests were not thereby in any manner interfered with.    *Held,* that the administrator was entitled to recover the amount of the proceeds and of the loan.

*Appeal from Chariton Circuit Court.*

*J. H. Kinley, with J. C. Crawley,* for Appellant.

I. The agreed state of facts shows that the proceeds and money for which the suit is brought are neither the earnings nor choses in action of the wife, but property which on acquisition of it by the wife, became at once the property of the husband. In this case possession of wife is that of husband. (Tyl. Inf. & Cov., 577, and cases cited.)

II. It does not appear but that for payment of debts of John Welch, this money, for which suit was brought, was required, and if so, no question can arise as to the right of the administrator of John Welch to recover it from defendant.

III. It appears that John Welch, during his life time, permitted his wife, the plaintiff in this suit, to loan this money to defendant; and by exercising control over the same to this extent, it is clear that he had not relinquished his marital rights therein. (Jackson vs. Sublett, 10 B. Mon. 467; Bish. Mar. & Div., vol. 1, § 675.)

*L. H. Waters, with E. A. Holcomb,* for Respondent.

In order that the husband may acquire the ownership of choses in action, he must reduce them to possession with the intent to acquire them, and that reduction which makes the chose the property of the husband is a reduction into possession not alone of the thing itself, but of the title of it. (Schoul. Dom. Rel. 112–117, and cases cited.)

So far as the evidence in this case is concerned, it appears that the husband not only did not attempt to reduce the property to possession, but constantly gave out that it was the wife's, acquired by her own earnings, which he allowed her to keep. (Gentry vs. McReynolds, 12 Mo., 533; Coughlin vs. Ryan, 43 Mo. 99.) This is not a contest with Welch's creditors. (Walker vs. Walker, 25 Mo. 367; Tennison vs. Tennison, 46 Mo. 77.)

It has been held that when property is held and treated by the husband and wife as the separate property of the latter, her rights

will be protected and recognized as well at law as in equity. (Caldwell vs. Renfew, 33 Vt. 213.) It does not lie in the defendant's mouth to question the plaintiff's right to the money which he borrowed, or the cow which he bought of her.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff, in her petition, claimed one hundred and sixty-two dollars and fifty cents for money loaned by her to defendant, and also thirteen dollars, the price of a cow, which she sold to him. The answer was a simple denial of indebtedness.

The case was submitted to the court on the following agreed statement: "It is agreed that Matilda Welch, during the lifetime of her husband, John Welch, and while they lived together as man and wife, and about the 18th day of April, 1868, had in her possession the amount of money in her petition mentioned, arising from the proceeds of the sale of a horse given to her by one of her sons, and which, with the knowledge and consent of her husband, she always kept separate, and with his consent loaned it to the defendant as charged; that the cow brute mentioned in the petition was given to her by one of her sons, which with her husband's consent she always held separate, and always claimed said cow brute, horse and money, as her own; that her husband never claimed them as his, but acknowledged them to be hers, and she, with his knowledge and consent, sold the cow brute to defendant, as charged. Her husband died before the commencement of this suit. She never had any technical separate estate conveyed to her by any separate estate trust deed, but claims the above by virtue of their being her own earnings which the husband allowed her to keep." Upon these facts the court gave judgment for the plaintiff.

It is undoubtedly true, that the personal property of the wife after marriage, when reduced to possession, becomes the property of the husband. If the property is not given to the wife as her separate estate, for her sole and exclusive use, then the husband becomes vested with the ownership. But courts of equity, in

certain cases, have to some extent modified this doctrine. At law gifts from husband to wife are held to be entirely void, but equity protects some classes of gifts, except where the claims of creditors are interposed. If, under certain circumstances, the gift from a husband to his wife will be upheld, it is not perceived why the same result will not follow when the gift emanates from a third person, when the husband assents to it and treats the property as belonging exclusively to the wife. ·

In the case of Gentry vs. McReynolds (12 Mo. 533,) the wife, during the lifetime of the husband, had been permitted to dispose of certain articles and retain the proceeds for her separate use, and it was decided that they belonged to her absolutely as against the husband and his legal representatives. The doctrine stated by Story (2 Eq. Jur. § 1375), was quoted and approved, that personal ornaments and clothing, or money given to the wife to purchase them, and the personal savings and profits made by the wife in her domestic management, which her husband allows her to apply to her own separate use, will be held to vest in her, against the claim of the husband. So in Coughlin vs. Ryan (43 Mo. 99), where the wife held certain leasehold estates partly owned by her prior to her marriage, and partly purchased afterwards, with money not derived from her husband, and was suffered by him, during the whole period of coverture, in her own name to pay the taxes and ground rent of the leaseholds, and collect and deposit the moneys derived therefrom, it was determined that such proceeds must be treated as her separate property accumulated by her own efforts, with the consent of her husband, and that as against him the proceeds would descend to her separate heirs.

In the case just referred to, the property from which the money in controversy was raised was partly owned by the wife before her marriage, and partly purchased by money which she acquired afterwards, but not derived from her husband. The husband, during the whole period of coverture, permitted her to deal with it as her own, and asserted no claim to it. The case at bar pre-

sents the same aspect. The horse from which the money loaned was derived, and also the cow, were given to the plaintiff with the knowledge and consent of her husband, and he treated those things as absolutely hers, and made no claim to them. That he had the right to do so, provided the interests of creditors were not interfered with, cannot be doubted. Moreover, it must be observed that neither the husband's representatives nor his creditors are here contesting this action or making any complaint. The defendant does not stand in an attitude to take advantage of any supposed claim that they might have. They have not intervened, and for aught that appears the defendant's responsibility is to the plaintiff, with whom he made the contract.

The judgment should be affirmed ; the other judges concur, except Judge Vories, who is absent.