Botts v. Gooch.

## Botts v. Gooch *et al.*, *Plaintiffs in Error*

1. **Married Woman:** SEPARATE ESTATE : EQUITY. By the common law the marriage vested in the husband the personal property then owned or thereafter acquired by his wife, and of which he obtained possession. But in equity she has a separate existence from her husband, and on account thereof, she may have the possession and ownership of property separate from her husband.

2. ——— : ——— : ———. Gifts from the husband directly to the wife will, in many cases, be upheld in equity.

3. ——— : ———. Where a married woman receives personal property from her father, although prior to the married woman's act of 1875, and manages it as her own, and, with the consent of her husband, purchases with the proceeds thereof other property in her own name, the property and its proceeds are hers and are not liable for the sole debts of the husband; and it makes no difference in such case that the husband is insolvent.

*Error to Linn Circuit Court.*—HON. W. H. BROWNLEE, Special Judge.

REVERSED.

*A. W. Mullins* for plaintiffs in error.

A husband, under the common law, could waive the assertion of his marital rights to personal property owned by his wife at the marriage, or which might come to or be acquired by her thereafter, and it was competent for the married woman to hold and own the personal property, absolutely, that came to her by gift or otherwise, separate and apart from her husband's property and for herself, as well under the common law as since under the married woman's act of March 25, 1875. *Hale v. Coe*, 49 Mo. 181 ; *Cox v. Cox*, 91 Mo. 71 ; *Clark v. Clark*, 86 Mo. 114 ; *McLaren v. Mead*, 48 Mo. 115 ; *Smith v. Smith*, 50 Mo. 262 ; *Holthaus v. Hornbostle*, 60 Mo. 439 ; *Hammons v. Renfrow*, 84 Mo. 332, 341-2 ; *Tunnison v. Tunnison*, 46 Mo. 77. And see also

*Bangert v. Bangert*, 13 Mo. App. 144; *Jay Cox v. Caldwell*, 51 N. Y. 395; *Savage v. O'Neil*, 44 N. Y. 298.

*L. T. Collier* for defendant in error.

The personal property given to Mrs. Gooch on her marriage, in 1869, with its increase, became and was the absolute property of the husband Joseph Gooch, and there is no evidence that he ever waived his marital right or consented to hold the same in trust for his wife. *Woodson v. Pool*, 19 Mo. 340; *Pauley v. Vogel*, 42 Mo. 291; *Woodford v. Stephens*, 51 Mo. 445; *Kidwell v. Kirkpatrick*, 70 Mo. 216; *Hammons v. Renfrow*, 84 Mo. 341; 2 Story's Ea. Jur.. sec. 1380; *Walker v. Walker*, 25 Mo. 367.

BLACK, J.—The plaintiff Seth Botts recovered a judgment against the defendant Joseph Gooch, in 1873, for $1,086, and in the latter part of 1882 he purchased, at a sale under an execution issued on the judgment, a lot in Meadville and two forty-acre tracts of land. The title to this property was in the defendant Nancy Gooch, who is the wife of defendant Joseph Gooch. It is alleged that the property was purchased and paid for by Joseph, and that he had the same conveyed to his wife to defraud his creditors. The prayer of the petition is, that the title be invested in the plaintiff. The defense is, that the property was purchased by Mrs. Gooch with her own means and property.

Defendants were married in 1869, and the proof is conclusive that Mrs. Gooch, at the time of her marriage, received from her father, as a gift from him, a mare, a cow, two steers and some household furniture. She kept the mare and raised five colts, which she sold at fair prices. In 1880, she purchased one of the forty-acre tracts from Patterson for four hundred and ten dollars. One-third of this amount was paid in cash by her and for the balance she and her husband made a deed of trust on the land. In 1881, she bought the other forty

acres from the railroad company for $411.20. She paid two hundred and fifty dollars from the proceeds of the sale of her mare and two colts, and the balance of the money she borrowed from friends and relatives on her individual notes.

In 1882 she acquired the lot in Meadville by trading therefor a parcel of land for which she had given a horse, valued at eighty dollars. This trade was negotiated for her by her brother, Mr. Evans. In 1881 she and her husband made a deed of trust on the two forty-acre tracts to secure seven hundred dollars, and the proceeds of this loan were used by her in paying off the Patterson debt on one forty-acre tract and in paying the money which she had borrowed by her own notes in the purchase of the railroad forty acres. This seven hundred-dollar debt is still unpaid, save the interest thereon.

There is some conflict in the evidence, but the foregoing facts are well established; and they show that the payments made on these parcels of land have all been made out of proceeds arising from sales and trades of the personal property given to her by her father at her marriage. The case is free from any fraud on her part. But the chief contention is, that, as she received this property from her father prior to the married woman's act of 1875, it at once became the absolute property of her husband, and hence, that the land was paid for by his money and property.

By the common law, the marriage vests in the husband the personal property of the wife then owned or thereafter acquired by her, and of which he obtains possession; and in general her possession is his possession. But according to the doctrine of courts of equity she has a separate existence from her husband, and having such separate existence, she may have the possession and ownership of property separate from her husband. Hence, it is that gifts from the husband

directly to the wife will, in many cases, be upheld in equity. It was said in *Welch, Adm'r, v. Welch*, 63 Mo. 57 : "If, under certain circumstances, the gift from a husband to his wife will be upheld, it is not perceived why the same result will not follow when the gift emanates from a third person, when the husband assents to it and treats the property as belonging exclusively to the wife." In that case, there was no technical separate estate in the wife. During the marriage she had in her possession the proceeds of the sale of a horse which had been given to her. She also had a cow which was a gift to her from her son. She sold the cow and loaned the money to the defendant there, all with the knowledge and consent of her husband. It was held that the note which she took for the cow and money loaned belonged to her, and not her husband's estate. And in the more recent case of *Clark v. Clark*, 86 Mo. 116, it is held that the husband may waive his right as such to his wife's personal property, and he may permit her to retain her money and property and thereby free her property from his marital claims. To the same effect is *McCoy v. Hyatt*, 80 Mo. 130.

In this case, Mrs. Gooch received the personal property from her father in 1869, and the evidence is clear and shows affirmatively that she has always managed it as her own, and with it purchased other property in her own name, and that she has done this with the consent of her husband. Under these circumstances, the property and proceeds arising from the sale thereof remained and continued to be her property and not that of her husband. It results that the land in suit is also her property and is not liable for the sole debts of her husband. That Mr. Gooch is insolvent is conceded, but that is a matter of no consequence, since the gift was not from him, but from a third person. *Holthaus v Hornbostle*, 60 Mo. 439.

The judgment is reversed and the bill dismissed. All concur.