THOMAS *et al.*, *Appellants*, v. THOMAS.

### DIVISION TWO.

1. **Gift of Personal Property:** DELIVERY: INTENTION: ACCEPT-ANCE. In order to constitute a valid gift of personal property, it is essential that it be delivered by the donor to the donee, or some one for him, with the intention on the part of the donor to part with his right in and dominion over the subject of the gift, and that it be accepted by the donee, whose ownership must take effect immediately and absolutely, leaving nothing essential to be done in the future.

2. **Gifts from Husband to Wife.** Gifts from husband to wife will be upheld and enforced in equity, where all the necessary conditions to their validity have been performed.

3. ————: NOTE FOR PURCHASE PRICE OF HUSBAND'S LAND PAYABLE TO WIFE: RECONVEYANCE TO WIFE. Where a husband sold land and had the note for the purchase price made payable to his wife, and the purchaser took a contract from the husband by which he retained the right to convey the property and have his note returned to him, and after the death of the husband the purchaser conveyed the property to the wife in consideration of the surrender of his note, the deed will be held valid and binding, and to convey the property to the wife solely and absolutely.

4. ————: POSSESSION. A note for the purchase price of the husband's land made payable to his wife, by his direction, being found in her possession, is *prima facie* evidence of every essential condition to its validity as a gift to her.

5. **Fraud:** ACTS OF ANCESTOR, WHEN BINDING ON HEIR. The heir cannot impeach the acts of his ancestor, in the disposition of his property, on the ground of fraud.

*Appeal from Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*A. H. Livingston* for appellants.

(1) The sole controlling question in this cause is: Was the conveyance of the property in question by J. R.

Thomas, deceased, to F. L. Winkler, and the execution of the notes by Winkler to Sarah L. Thomas, wife of J. R. Thomas, and respondent herein, a gift of such property to her? There must be a clear intention on part of the donor to give, and an acceptance of the property on part of the donee as a gift, to constitute the transaction a gift in law. In fact, the transaction must have been intended and understood by both parties as a gift. 3 Pomeroy's Eq. Jur., sec. 1149. (2) The evidence does not establish a gift, or an intention to give, on the part of either party, but to us it seems to establish the contrary most conclusively. Under the common law a gift to the wife by the husband during coverture was invalid but might be upheld in equity, but such a gift must be clearly proven. Words must be used that clearly indicate that the husband has divested himself of all beneficial intent in the subject-matter of the gift. 8 Am. & Eng. Ency. of Law, 1333, sec. 13, and cases cited; Schouler's Dom. Rel. 285. (3) Respondent sets up and relies on a gift from her husband, and the burden is on her to establish such gift. *Schooler v. Schooler*, 18 Mo. App. 69. (4) The deed from Thomas to Winkler was clearly in fraud of creditors, and not a gift. This case presents a peculiar feature, a parallel of which we are unable to find. The fraudulent grantee conveys to one of the heirs in fraud of the others. The judgment should be reversed, and the lower court ordered to enter a decree for plaintiffs, in conformity with the pleadings and proof.

*M. B. Clarke* for respondent.

MACFARLANE, J.—This is a suit in equity to set aside and annul certain deeds, vesting in defendant the title to an undivided one-third of lot 1, in block 2, in the city of West Plains. One of these deeds was made by Julian R. Thomas, husband of defendant, to F. L. Winkler, dated the second day of December, 1886, and the other by said Winkler to defendant, dated February 11, 1887.

The grounds upon which plaintiffs seek the relief are substantially, as stated in the petition, as follows: Plaintiffs are the mother and brothers and sisters of Julian R. Thomas, who is deceased, and defendant is his widow; that the said Julian R. Thomas died January 17, 1887, without children; that the deed made by deceased to Winkler, dated December 2, 1886, was without consideration, and was made at a time when deceased was in extreme ill health, and with the express agreement that, in case he should recover his health, said real estate should be reconveyed to him; and if he did not recover his health then it should be conveyed to plaintiffs, his heirs-at-law; that after the death of said Thomas, on the third day of October, 1887, the said Winkler, in disregard of said agreement, conveyed said real estate to defendant without any consideration whatever; that said deeds are, therefore, in fraud of the rights of plaintiffs, as heirs of the said deceased.

The answer was a general denial and a special defense, as follows: "Defendant, for further answer, states that on the second day of December, 1886, Julian R. Thomas, husband of this defendant, executed and delivered to F. L. Winkler a general warranty deed to the premises described in plaintiff's petition, in consideration of which said Winkler executed and delivered to this defendant, at the request of her husband, his certain note for the sum of $2,000 ($3,000), and that it was the request and understanding of said J. R. Thomas that said Winkler should either pay defendant said note, or, at the death of said J. R. Thomas, convey the said premises to this defendant; that the same was a gift of said J. R. Thomas to his wife, the defendant, for no other consideration than love and affection; that on the eleventh day of February, 1887, and after the death of said J. R. Thomas, said F. L. Winkler made, executed and delivered to this defendant a deed to said premises, and in consideration

thereof this defendant delivered to said Winkler said note for $3,000, which was in her name and her absolute property, as a gift from her said husband."

The evidence was without conflict, and establishes the following facts : F. L. Winkler and J. R. Thomas were intimate friends, the former being the family physician of the latter. Thomas died January 17, 1887. On December 3, 1886, Thomas made to Winkler the deed in question, for which Winkler gave his note, payable to defendant, the wife of Thomas. One reason assigned by deceased for doing so was that George L. Thomas had forced him to give a note, and he wanted to place the property so as to avoid paying the note. On accepting the deed to the land Winkler also took a contract from Thomas giving him the right to reconvey the land upon surrender of the note. The contract was not in evidence and it does not appear to whom the land should be conveyed. Winkler did not remember. The reconveyance should be made if Winkler thought proper, after the death of Thomas. During this transaction Thomas said he wished to provide for his wife and mother. A. C. Hoover was to pay his mother something. Winkler did not remember who suggested that the notes be made payable to defendant. After the death of Thomas, Winkler took the deed, executed by him, to defendant, gave it to her, and received from her the note for $3,000. Defendant knew nothing of the written contract between her husband and Winkler. She received no rents from the property until she had received the deed. J. A. Parks testified that he heard deceased tell Dr. Winkler to make the notes payable to defendant.

The court found : "That J. R. Thomas in his lifetime conveyed to F. L. Winkler the real estate in question, to-wit : An undivided one-third interest in lot 1, block 2, in the city of West Plains, Missouri, on the second day of December, 1886, and took a note payable to his wife, Sarah L. Thomas, the defendant,

in the sum of $3,000 ; that afterward, to-wit, on the eleventh day of February, 1887, and after the death of J. R. Thomas, the said F. L. Winkler, for a valuable consideration, conveyed to the defendant, Sarah L. Thomas, the said real estate, and that the same is her sole and absolute property, the said conveyance being valid and binding. Judgment was for defendant and plaintiffs appealed.

I.   In order to constitute a valid gift of personal property, it is essential that it be delivered by the donor to the donee, or some one for him, with the intention on the part of the donor to part with his right in and dominion over the subject of the gift, and that it be accepted by the donee, whose ownership must take effect immediately and absolutely, leaving nothing essential to be done in the future.   8 Ency. of Law, 1313, and authorities cited ; *Spencer v. Vance*, 57 Mo. 429.

II.   It is the settled law in this state that gifts from husband to wife, where all the necessary conditions to their validity have been performed, will be upheld and enforced in equity.   *Welch v. Welch*, 63 Mo. 57 ; *Botts v. Gooch*, 97 Mo. 90.

An examination of the evidence in this case convinces us that every condition that was required to make the gift from Thomas to his wife complete was performed.   Indeed, the note itself made, as it was, payable to his wife, by direction of her husband, and being in the possession of the wife, was *prima facie* evidence of every essential condition to the validity of the gift.   *Richardson v. Lowry*, 67 Mo. 414.

The fact that the purchaser of the land from her husband took back from him a written agreement, by which he retained the right to convey the property and have his note returned to him, we do not think made the gift depend upon any future contingency by which it could have been defeated.   It would have been more satisfactory, certainly, if the agreement had been before the court, or its contents more definitely

given, but as Dr. Winkler made the deed to defendant we must assume that the writing so directed, and that the husband retained no rights in either the note or contract, which could, thereafter, have been asserted by him.

III.    There was evidence that the husband of plaintiff, when directing the disposition of this property, remarked that one reason, which actuated him in doing so, was to prevent the property from being applied to the payment of a note he had been forced to give. This evidence only tended to prove a fraudulent purpose in making the gift, and in no manner affects its validity.  The heir cannot impeach the acts of the ancestor, in the disposition of his property, on the ground of fraud.  *George v. Williamson*, 26 Mo. 190; *Stevenson v. Edwards*, 98 Mo. 622.

We think the evidence fully sustains the judgment of the chancellor.  Affirmed.  All concur.