GOOCH *et al.* v. BOTTS *et al.*, *Appellants.*

Division One, June 6, 1892.

1. **Incumbrance, Payment of:** SUBROGATION: MORTGAGEE.   One who acquired title to a tract of land by decree of a court, and was in possession, paid, in good faith, an existing incumbrance thereon. The decree was afterwards reversed on writ of error.   *Held,* that the party in possession was entitled, in equity, in the circumstances stated in the opinion, to be subrogated to the rights of the holder of the incumbrance, and to hold possession as mortgagee until repayment of said outlay.

2. ——: ——: ——: EJECTMENT.   The state of facts above outlined constitutes an equitable defens  to an action of ejectment by the party in whose favor the decree mentioned was reversed.

3. **Mortgagee in Possession:** TAXES.   A mortgagee in possession is entitled to credit for taxes levied on the mortgaged estate, and paid by him during his lawful incumbency.

*Appeal from Linn Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

THE plaintiffs are Joseph and Nancy J. Gooch, husband and wife, suing to assert her title, in common form, in ejectment for certain land in Linn county.

The answer, besides a denial of the petition, set up, as an equitable defense, the facts which are discussed in the opinion.   A reply denied this new matter.

A trial and a judgment for plaintiffs for possession and damages followed. Defendants appealed in due form.

The opinion states the rest of the case.

*L. T. Collier* and *E. R. Stephens* for appellants.

(1) The circuit court should have sustained defendants' motion for leave to amend his answer, in conformity to the facts proved. R. S. 1879, sec. 3567; R. S. 1889, sec. 2098; *Bennett v. McCanse*, 65 Mo. 194; *Blair v. Railroad*, 89 Mo. 383; *Carr v. Moss*, 87 Mo. Mo. 447. (2) Defendants answer, with the proof as made of the allegations therein, constitutes a good and sufficient defense to plaintiffs' action, and should have prevailed. *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 153; *Shroyer v. Nickell*, 55 Mo. 264; *Jones v. Manly*, 58 Mo. 559; *Evans v. Snyder*, 64 Mo. 516; *Sims v. Gray*, 66 Mo. 613; *St. Louis v. Schulenberg*, 98 Mo. 615; *Peltz v. Clark*, 5 Peters, 481; *Arnold v. Green*, 116 N. Y. 566; *In re Walter*, 7 S. Rep. (Ala.) 400; *Gatewood v. Gatewood*, 75 Va. 407; Pomeroy's Equity, sec. 1211; Jones on Mortgages, sec. 784; *Macklin v. Allenberg*, 100 Mo. 337.

*A. W. Mullins* for respondents.

(1) This is an action at law, and not a suit in equity. Its character was not changed by reason of the answer of the defendant, Seth Botts. Notwithstanding the matters he set up in his answer, he asked for no affirmative relief. *Wolff v. Schaeffer*, 4 Mo. App. 367; s. c., 74 Mo. 154; *Carter v. Prior*, 78 Mo. 222; *Estes v. Fry*, 94 Mo. 266. (2) No error was committed in refusing to permit Seth Botts to amend his answer. It could not have changed the result, and, besides, most of the allegations sought to be inter-

polated into his answer we're entirely unsupported by the evidence. (3) The court committed no error as alleged in appellants' second assignment. This being an action at law, and no question presented with respect to the admission or exclusion of evidence, and no instructions having been asked or given, there is no point of law saved for the consideration of this court. *Wilson v. Railroad*, 46 Mo. 36; *Thies v. Garbe*, 88 Mo. 146. (4) The defendant, Seth Botts, is not entitled to claim anything because of the decree in his favor, rendered August 29, 1884. The reversal of that decree by the supreme court had the effect to "restore the parties to the same condition in which they were prior to the rendition of the judgment." The judgment reversed became as "mere waste paper," and neither party in the subsequent litigation "can suffer detriment nor receive assistance from the former adjudication." Freeman on Judgments, sec. 481; *Gott v. Powell*, 41 Mo. 416; *Crispen v. Hannovan*, 86 Mo. 160; *Macklin v. Allenberg*, 100 Mo. 337. (5) *First.* The plaintiff, Mrs. Gooch, is the owner of the property. She was not a party to the note paid by defendant, Seth Botts, nor to the deed of trust which secured it, and, therefore, there can be no subrogation as against her. *Wolff v. Walter*, 56 Mo. 292. *Second.* There was no mistake of fact on the part of said defendant in making said payment and having the deed of trust satisfied upon the record, and a mistake as to the law cannot be the basis for relief in such case. *Third.* And said defendant made said payment while the case was pending in the supreme court, and, therefore, he took the risk of the reversal of the judgment of the circuit court with its legal effect and consequences. *Fourth.* He had no right, title or interest whatever in the property, but only a wrongful possession, and, therefore, the payment made by him was voluntary,

and in such case the doctrine of subrogation does not apply. *Norton v. Highleyman*, 88 Mo. 621; *Railroad v. Soutter*, 13 Wall. 517; *Price v. Estill*, 87 Mo. 378; *Bunn v. Lindsay*, 95 Mo. 250.

BARCLAY, J.—This is an ejectment, begun April 27, 1889, in which the legal title shown by Mrs. Gooch is not met by any opposing proof. The trial court found in her favor. The only objection urged to that result refers to the disposition made of the equitable defense thereto.

There was a former suit between these parties, which finally reached this court. *Botts v. Gooch* (1888), 97 Mo. 88. Its general object was to taint with fraud the title of Mrs. Gooch to the property now in dispute, and vest it in Mr. Botts (a judgment creditor of Mr. Gooch), for reasons fully indicated in the report of that case, and which need not be restated.

While that suit was in the circuit court a final decree was rendered in favor of Mr. Botts (August 29, 1884), vesting the legal title in him, but expressly finding that there was (among others) a prior incumbrance upon it to secure to Mr. Henry Gooch $200, and that Mr. Botts should take the title so decreed "subject to the liens and incumbrances aforesaid." Before that decree, Mr. Botts had acquired possession of the land under a sheriff's deed, aided by the subsequent attornment of a tenant. After the decree, he paid and discharged (March 26, 1886) the incumbrance mentioned, and caused satisfaction thereof to be duly entered on the margin of the record of deeds. His decree, however, was afterwards (March 4, 1889) reversed by this court upon writ of error, as shown in 97 Mo. 88. Meanwhile, Mr. Botts paid taxes on the property, including those for 1889, which became a lien in 1888 under our laws.

These facts were established by defendant's proof, under the allegations of his answer; and, further, that he had made these payments in good faith, believing he owned the land.

Defendant does not now dispute plaintiff's legal title, but contends that he should equitably be subrogated to the rights of the holder of the incumbrance, which he discharged for the advantage of the estate, and should have the benefit of all other equities that follow such subrogation.

The effect of the judgment under review is to absolutely deny defendant those rights.

At the time defendant removed the incumbrance in question, he was in possession of the land, asserting title as owner, under a decree vesting it in him, as stated. The lien of the incumbrance, admittedly, was a valid and enforceable one, paramount to the right or claim of either of the parties to this litigation. Its removal was necessary to clear up the title defendant supposed he enjoyed, created by the decree in his favor then in force; but its release was beneficial to the estate, whosoever the owner might be. The rights of no third persons have intervened between the parties directly interested to cloud or complicate the situation.

Defendant was no mere volunteer. He had a subsisting interest in, an adjudged title to, and possession of, the property, when he discharged the lien.

In these circumstances his right to be subrogated, as claimed, is clear; and it does not seem necessary to revamp materials furnished by the text-books to support that conclusion. A few precedents will sufficiently indicate the principle applicable: *Smith v. Robertson* (1882), 89 N. Y. 555; *Allen v. Dermott* (1883), 80 Mo. 56; *Muir v. Berkshire* (1875), 52 Ind.

149; *Twombly v. Cassidy* (1880), 82 N. Y. 155; *Spaulding v. Harvey* (1891), 28 N. E. Rep. (Ind.) 323.

If defendant is subrogated to the position of holder of the incumbrance paid by him, it follows that though its lien is lost at law equity will keep it alive until the obligation, impressed upon the legal title in favor of defendant by the facts stated, be met. *Watson v. Gardner* (1887), 119 Ill. 312. Defendant's occupancy is, in equity, that of the mortgagee, and his rights are to be determined accordingly.

His possession under the decree for title was lawful. He may continue it until reimbursed the amount of his outlays in removing the liens, with interest thereon at six per cent. per annum from the time of payment thereof. The facts, meanwhile, constitute an equitable bar to a recovery by the plaintiffs against him in ejectment. *Church v. Church* (1878), 73 N. Y. 82; *Johnson v. Houston* (1871), 47 Mo. 227.

As to the taxes, he is entitled to credit for those above specified, with like interest; but, on the other hand, defendant must similarly account for the rents and profits received meantime.

A mortgagee in possession is entitled to credit for taxes paid by him during his lawful incumbency of the estate as such. He occupies an entirely different attitude from the payer of taxes dealt with in *Napton v. Leaton* (1879), 71 Mo. 359.

This court finds the equitable defense a sufficient answer to the plaintiffs' legal right; and that until tender of the amount of the equitable charges indicated defendants' possession is not wrongful or inequitable.

The judgment is reversed and the cause remanded with directions to proceed to ascertain (by reference or otherwise) the aggregate of said charges and to enter a decree that, unless the same, with lawful interest, be fully paid within a reasonable time (to be fixed by the

·circuit court in view of all the circumstances), the ·equity of redemption stands foreclosed.

All the judges of this division concur.