ISABELLE F. PAGE *vs*. WILLIAM S. FRANKLIN.

Suffolk.   January 23, 24, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Mortgage,* Of real estate.  *Equity Jurisdiction,* To compel discharge of mortgage. *Evidence,* Extrinsic affecting writings.  *Trust,* Damages for breach.  *Equity Pleading and Practice,* Amendment.

In a suit in equity to compel the defendant to discharge a mortgage of certain land made to him by the plaintiff, it may be shown by oral evidence that the only consideration for the mortgage was an agreement in writing by the defendant to pay off certain prior incumbrances on the land.

In a suit in equity the bill alleged a conveyance of land to the defendant in trust to secure the defendant for the performance of an agreement to pay off certain incumbrances on the land.  One of the breaches of trust alleged to have been committed by the defendant was his failure to pay off a mortgage, of which it was alleged that a foreclosure sale was advertised.  After the filing of the bill this foreclosure sale took place, and the plaintiff was allowed to amend his bill by alleging such sale for a price much less than the value of the land and the consequent loss to the plaintiff.  The defendant filed an answer to the bill as amended.   *Held,* that the part of the bill added by amendment was to be treated as a supplemental bill, by means of which all the matters in controversy might be determined in one suit.

In a suit in equity to compel the defendant to discharge a mortgage of land made by the plaintiff to the defendant, it was shown that the mortgage was made to the defendant as trustee, in consideration of his agreement to pay off certain incumbrances on the land, including two prior mortgages on different portions of it, that the defendant committed breaches of the trust by allowing one of such prior mortgages to be foreclosed and the land covered by that mortgage to be sold for much less than its value, and by procuring an assignment of the other prior mortgage to himself.  *Held,* that the plaintiff was entitled to a decree ordering the defendant to discharge the mortgage made by the plaintiff to the defendant and also the prior mortgage wrongfully obtained by the defendant by assignment, and also ordering the defendant to pay damages to the plaintiff for the loss of the plaintiff's equity of redemption through the foreclosure sale wrongfully permitted by the defendant, deducting therefrom such amount as was due to the defendant for payments properly made by him.

BILL IN EQUITY, filed in the Superior Court on February 15 and amended on March 28, 1912.

The bill, as amended, was as follows:

First.   The plaintiff alleged that on or about September 11, 1911, she executed and delivered to the defendant a mortgage of

certain land in Wilmington dated September 9, 1911, and recorded as described.

Second. The plaintiff alleged that this mortgage was made to the defendant as trustee, payable in one year, and bearing interest at eight per cent, to secure a mortgage note for $450, and was without consideration other than the defendant's written agreement to pay Margaret A. Travers a note and mortgage of $300 on a portion of the property described in the above named mortgage and $5 interest, and also to pay a mortgage to one Johnston of $100, and $40 more due on a tax sale of certain property.

Third. The plaintiff alleged that the defendant had refused and neglected to pay the mortgage note and interest to Margaret A. Travers, and that the mortgagee was advertising the property for sale at foreclosure, to be sold on February 26, 1912.

Fourth (as amended). The plaintiff alleged that the defendant had failed to pay the $100 on the Johnston mortgage and had paid nothing thereon, and that the defendant had paid the sum of $47.50 for the release of the tax title on the property; that under the agreement the defendant was entitled to be paid his expenses to Lowell, amounting to about $3, and that the other amounts were to be applied subject to any correction as above set forth; that since the filing of the bill the mortgage to Margaret A. Travers had been foreclosed and the property had been sold for $370; and that the premises included in that mortgage were of a value greatly in excess of that sum; that if any sum was due the defendant upon an accounting after deducting the damages due the plaintiff for his breach of contract, the plaintiff was willing and ready to pay him what might be found due thereon;

Fifth. The plaintiff alleged that the defendant had made no transfer or assignment of the mortgage to him.

The plaintiff prayed

1. That the defendant might be restrained from parting with the note and mortgage to him from the plaintiff.

2. That the defendant might be ordered to discharge that mortgage.

3. That the defendant might be ordered to pay to the plaintiff all damages suffered by her because of the defendant's breach of his agreement and the foreclosure of the mortgage to Margaret A. Travers.

4. That an accounting might be had, and that the defendant might be ordered to discharge the mortgage upon the payment of any sum found due him thereon by the plaintiff.

The case was heard by *Hardy*, J., who filed a memorandum of decision as follows:

"I find that the allegations under the first, second, third and fifth sections of the bill have been sustained.

"The principal and important question upon the hearing in this case arose under the proposition of the plaintiff that there had been a failure of consideration in carrying out the agreement made between the parties, by the defendant.

"It appears that this defendant received this mortgage as security and had agreed, with certain limitations as to corrections which should be made as to the amount to be paid, that he would take care of the mortgage to Margaret A. Travers, and also would provide for the payment of the mortgage which was identified at the hearing as the Johnston mortgage, although it was not conveyed in the name of Johnston.

"I find as a fact that the mortgage called the Johnston mortgage, instead of being paid by the defendant, was purchased by him under an assignment for which he paid the sum of $105. I also find that in connection with the tax sale he paid the sum of $47.50, and that the expenses of his travel to Lowell in connection with the examination of title paid by him amounted to the sum of $3, and, therefore, the defendant should be allowed in the accounting between the parties the sum of $155.50.

"The excuse made by the defendant with reference to the discharge of payment of the Travers mortgage in the sum of $300 was that the $450, the consideration of this mortgage, did not cover the amount required to pay all the sums set forth in the agreement and which were required to settle the mortgages as well as the claim under the tax sale. It seems to me the proper construction of the agreement between the parties was that the defendant undertook to care for the mortgages and care for the tax title, and that the plaintiff Isabelle F. Page was ready to make up any slight difference that might occur because of the excess of the claim above $450.

"I find that the defendant did not act in good faith in connection with the payment of the Travers mortgage, and, although the

claim was made that $15 interest was due upon the Travers mortgage instead of $5 by the mortgagee Travers, that the defendant assumed the obligation to care for the same, and if he had made application to the plaintiff in this case for such additional sum that he would have been protected, and in fact that he would have been protected by the security given him under this particular mortgage described in the first section of this bill. By reason of his bad faith in failing to carry out the agreement and in failing to notify the plaintiff, Mrs. Page, or her agent, that such additional sum was required, the foreclosure occurred of the Travers mortgage whereby the plaintiff lost a valuable interest in the equity in connection with such sale under foreclosure. No reasonable opportunity was given the plaintiff by the defendant to protect her rights under such foreclosure of the Travers mortgage. Hence, I find, under the third prayer of the bill that the defendant should be charged with damages in the sum of $300 for his failure to carry out the agreement in connection with caring for the Travers mortgage. From this sum of damages of $300 the $155.50 should be deducted.

"I further order that a decree should be entered for the plaintiff under the first and second prayers of the bill as well as for the payment of the balance due for damages as I found under the third section of the bill, with costs."

The judge made a final decree, ordering that the defendant should execute and deliver to the plaintiff a discharge of the mortgage from the plaintiff to him, dated September 9, 1911; that the defendant further should execute and deliver to the plaintiff a discharge of the mortgage from Joseph W. Murray to Joseph J. Crane, dated May 25, 1908, [called the Johnston mortgage] together with the assignment of that mortgage; and that the defendant should pay to the plaintiff the sum of $144.50 damages, together with costs taxed at $32.32.

The defendant appealed.

*W. H. Brown,* for the defendant.

*W. R. Bigelow,* for the plaintiff.

BRALEY, J. The actual consideration of the mortgage, even if it purported to be security for the payment of the plaintiff's promissory note, could be shown by parol evidence. *Gray* v. *McClellan, ante,* 92.

It appears from the averments of the first, second and fifth paragraphs of the bill as amended, which are admitted by the answer, that the defendant held the mortgage as trustee under an agreement in writing requiring him to pay a prior mortgage on a portion of the property to one Travers, with the accrued interest fixed at a certain sum, and also a mortgage on another portion of the land to one Johnston, with a further amount for taxes due under a tax sale of other property which is not particularly described. If at the date of filing the bill the mortgage to Travers had not been foreclosed, the amendment setting forth the subsequent foreclosure to which the defendant has answered generally, may be treated as in the nature of a supplemental bill whereby all matters in controversy under the agreement can be determined in one suit. *McMurtrie* v. *Guiler*, 183 Mass. 451, 454, 455.

The defendant having become bound to preserve and protect the plaintiff's title, a breach which goes to the essence of the contract, or misconduct in discharge of the trust, entitles her to full relief, which may include the assessment of damages. *Ginn* v. *Almy*, 212 Mass. 486, and cases cited. *Ashley* v. *Winkley*, 209 Mass. 509. While the evidence has been reported the usual rule obtains. *Manheim* v. *Woods*, 213 Mass. 537. And the judge's findings of fact not being plainly wrong, it is manifest, that, although he paid the taxes and discharged the tax title, the defendant instead of paying the mortgage to Johnston procured an assignment to himself. It is also found, that acting in bad faith as fully pointed out in the sixth paragraph of the memorandum, he permitted the mortgage to Travers to be foreclosed, causing the plaintiff, who was given no opportunity to safeguard her rights, to lose a valuable interest in the equity of redemption. If the question of damages had not been in issue, the defendant, upon payment of the amount of the mortgage to Johnston, the taxes, and the incidental expenses connected with the examination of the title, should be ordered to discharge this mortgage, and also the mortgage given to him by the plaintiff, which, through his own deliberate failure in performance, left no debt remaining unpaid or obligation to be performed. *Walton* v. *Ruggles*, 180 Mass. 24. Indeed it would be anomalous, if after losing her estate through the defendant's contractual breach, as well as by abuse

of his trust, the plaintiff also must pay the amount of the mortgage note as a gratuity. *Paro* v. *St. Martin,* 180 Mass. 29, 31. *Rolikatis* v. *Lovett,* 213 Mass. 545. But, as the damages assessed for the loss of the equity of redemption exceeded the total amount due the defendant, he was properly charged with the difference, and the decree ordering the discharge of both mortgages, and payment of the damages being in accordance with what has been said, it should be affirmed with costs. *American Stay Co.* v. *Delaney,* 211 Mass. 229, 233. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41.

*Ordered accordingly.*