H. S. DOERNER, PLAINTIFF, v. A. B. DENTON, B. F. LESTER and W. A. KEY, RESPONDENTS, W. I. O'DONNILEY, APPELLANT.[*]

Springfield Court of Appeals. Opinion filed September 23, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2647, p. 726, n. 17; Mortgages, 41CJ, section 615, p. 637, n. 21.

*Ward & Reeves* for appellant.

*McKay & Peal* for respondents.

BAILEY, J.—This is an interpleader suit. Plaintiff filed his bill of interpleader setting up that V. F. Clark and wife executed and delivered their deed of trust conveying to plaintiff certain lands therein described to secure the payment to the Bank of Steele, Missouri, a certain promissory note; that thereafter plaintiff, at the request of the legal holder of said note, proceeded to advertise and sell said real estate under the terms of said deed of trust and the same was sold under said trustee's sale on November 12, 1926, to J. H. Van Ausdale, for the sum of $1200; that from the proceeds of said sale the trustee paid the expenses of sale and the amount due on the note, leaving a surplus, of $664.61; that said sum is in the trustee's hands and is claimed by W. A. Key, A. B. Denton and B. F. Lester, W. I. O'Donniley and John Van Ausdale; that the petitioner prays he be allowed to pay same into court and the rival claimants be required to interplea. The petition was sustained, the money paid into court and all parties waived service and filed their interpleas. The claim of John Van Ausdale, was compromised. The trial court found the issues in favor of A. B. Denton, B. F. Lester and W. A. Key, and interpleader W. I. O'Donniley, has appealed.

The facts are that V. F. Clark and Alice Clark, his wife, were the owners of the real estate described in the deed of trust given the Bank of Steele, dated March 29, 1924, securing a note in the sum of $420.23. This particular deed of trust was given subject to a prior deed of trust in favor of the New England Security Company, securing a $3500 note; on the 5th day of December, 1925, V. F. Clark, executed a third deed of trust conveying said land, in favor of respondents, Denton, Lester and Key, securing a note in the sum of $434, which is the note under which they claim the fund now in court. There was also a fourth deed of trust not involved in this appeal. On June 29, 1926, V. F. Clark and wife, executed and delivered a fifth deed of trust in favor of appellant, W. I. O'Donniley, conveying this same land and securing one note in the sum of $80 and, according to its terms, "one note in the sum of $502.95 for 1924 and 1925 taxes due November 1, 1926, bearing eight per cent interest." In August, 1926, appellant, purchased the Bank of Steele note, here-

tofore referred to, although actual payment therefor was not made by him until October 21, 1926. Appellant further paid the 1924 and 1925 taxes due on this land, amounting to $517.58, which payment was made October 20, 1926.

Appellant bases his claim to the fund in court on the theory that taxes are an encumbrance on the land and that there is an implied covenant on the part of the mortgagor to pay taxes on the land; that when the mortgagor fails to pay such tax the mortgagee may protect his interest by paying such taxes and adding same to his mortgage debt; and that the mortgagee, by paying the taxes, becomes, in effect, subrogated to the lien rights of the state and county. Respondents concede the above principles of law are correct, but deny that such principles have any application to the facts in this case. It is thus urged that appellant paid the taxes in performance of his own agreement with the owners of the land and, being primarily liable for the debt of taxes, he is not entitled to subrogation.

Since this is a suit in equity, this court must consider the case *de novo* upon the record and render what it conceives to be the proper judgment. [Saettle v. Perle, 281 S. W. (Mo. Sup.) 431.]

The evidence shows that V. F. Clark, the owner of the real estate, was indebted to appellant in the sum of $80. Appellant, desiring to secure payment of this sum, accepted from Clark the fifth deed of trust, heretofore mentioned. This deed of trust however, provided that in addition to securing the $80 note, it was also to secure another note in the sum of $502.95 for taxes. These taxes were paid by appellant after he had purchased the second mortgage note and before he had the lien thereof foreclosed, although he gave his check in payment thereof in August, 1926, but at his request the check was held by the collector. Appellant testified he paid the taxes to protect his interest in the second mortgage after being requested to do so by the holder of the first mortgage note. On the other hand, Clark testified that in June, 1926, appellant agreed that he would pay the taxes and that the clause relative thereto was accordingly written into the deed of trust; that he would not have given him this deed, ''except for his agreement to pay the taxes.'' The language of the fifth deed of trust corroborates Clark as to this agreement.

As we view the facts the trial court was correct in holding appellant not to be entitled to subrogation if that be the proper remedy. He had agreed to pay these taxes. He attempted to pay them in August, 1926, but had the check held by the collector. He must abide the consequences of his own agreement. If he had simply purchased the second mortgage note and afterward paid the taxes to protect his own interest, he certainly would have been entitled to be reimbursed, out of the proceeds of the sale, for the taxes paid. [Horrigan v.

Wellsmith, 77 Mo. 542; Gooch v. Botts, 110 Mo. 419, 20 S. W. 192; Chrisman v. Hough, 146 Mo. 102, 47 S. W. 941.]

But appellant in this case had first obligated himself to pay the taxes. A note for that purpose was executed by Clark and delivered appellant. This note was secured by the fifth deed of trust. Had it been secured by a mortgage or deed of trust on other property the conditions would have been substantially the same. Having agreed to pay the taxes before purchasing the second mortgage note, appellant to our minds is in the same position he would have been had he actually paid the taxes before acquiring that note. His purchase of the note secured by the second deed of trust and his foreclosure thereof could not have the effect of altering his agreement to pay the taxes. The agreement was supported by a valuable consideration and evidenced by a note and deed of trust. Such an agreement is enforceable. [Page v. Franklin, 214 Mass. 552, 101 N. E. 1084.]

It is no doubt true that, in the absence of such agreement, as holder of the fifth deed of trust, appellant would have had the right to have paid the taxes in order to have protected his interests and would have been entitled to have been reimbursed therefore from the proceeds of the sale. [Chrisman v. Hough, 146 Mo. 102.]

His agreement to pay the taxes, however, being a part of the consideration for the deed of trust itself, would, in our opinion, prevent him from securing such advantage which he otherwise yould have had. The judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.