DEWEY H. R. COUTURE *vs.* JOSEPH MORIN & another.

Worcester.   January 7, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To enforce trust, Adequate remedy at law.   *Trust,*
Trustee's liability for breach.   *Bankruptcy.   Assignment.*

It appeared at the hearing of a suit in equity that the defendant ac-
knowledged to the plaintiff in a writing under seal that he held a second
mortgage of land and the note secured thereby in trust to sell them
and, from the proceeds, to pay to himself a debt owed him by the
plaintiff and to pay the plaintiff the balance; that, after receiving an
offer for the mortgage and note, he did not sell them, but instead as-
signed them to a straw who attempted foreclosure; that the plaintiff
assigned his rights under the trust agreement to one who thereupon
commenced the suit in the plaintiff's name seeking an accounting and
general relief; that thereafter the plaintiff became bankrupt; and that
the foreclosure was abandoned because of a foreclosure of the first
mortgage.   A final decree ordered the defendant to pay the plaintiff,
for the benefit of his assignee, the difference between the value of the
second mortgage and note and the debt owed by the plaintiff to the
defendant.   *Held,* that
(1) Loss having resulted to the plaintiff's assignee by the defend-
ant's not having carried out the terms of the trust agreement, the
decree was proper;
(2) It could not be said that the plaintiff had no remedy in equity;
(3) The bankruptcy of the plaintiff was immaterial.

BILL IN EQUITY, filed in the Superior Court on July 7,
1930, with a common law writ dated May 20, 1930.

The bill is described in the opinion.   The suit was heard
by *Greenhalge,* J., a stenographer having been appointed
under G. L. c. 214, § 24; Equity Rule 29 (1926).   Mate-
rial evidence and findings by the judge are stated in the
opinion.   A final decree entered by order of *Whiting,* J.,
adjudged that the defendant Joseph Morin was indebted to
the plaintiff, "for the benefit of his assignee, Paul H. Rior-
dan," in the sum of $284, with interest and costs; and
dismissed the bill as against the defendant Emile F. Morin.
The defendant Joseph Morin appealed.

*E. A. Brodeur,* for the defendant Joseph Morin.

*S. Lurier,* for the plaintiff.

WAIT, J. There is no merit in this appeal. The defendant Joseph Morin, in writing and under seal, agreed with the nominal plaintiff, Couture, to hold a note for $1,000 payable to himself and a mortgage deed to himself as mortgagee of real estate in Worcester securing the note, in trust to sell and assign for the purpose of raising cash to be applied, first, to the expenses of the transaction, next, to the payment to himself of $386 due him from Couture, and, then, to pay over the balance to Couture. He did not do this. Instead, after he had received an offer of $700 for them from a would-be purchaser (which he agreed was a reasonable price for them), and after he had agreed to transfer them for $400 to an assignee of Couture's rights, he made neither the sale nor the transfer, but assigned the note and mortgage without consideration to his son, Emile F. Morin, to hold as a straw, and to foreclose the mortgage. This bill was, thereupon, brought for an accounting and general relief. The foreclosure proceeding of Emile F. Morin was abandoned · because a first mortgage upon the real estate was foreclosed by sale at which Joseph Morin bought in the property and the equity of second mortgagee and of mortgagor was extinguished. Couture assigned the trust agreement for value to one Riordan, who brought the bill in the name of his assignor. Later Couture became bankrupt. His trustee refused to intervene in the suit. The transfer once agreed upon for $400 fell through because the attorney acting in that matter for Joseph Morin demanded an additional sum for his fee. Riordan offered to pay the $400, and his ability to make payment is not questioned.

In such circumstances, which appear from the evidence, reported under the rule, and the findings of fact of the trial judge, we think findings are required that the note and mortgage were worth $700; that Joseph Morin was not faithful to the trust which he undertook; that loss thereby resulted to Riordan, and, in consequence, Joseph Morin owes to him the difference between $700 and the debt due to Morin. This amount the decree fixed at $284 with interest.

At the time the bill in equity was filed there well might be occasion for injunctive relief against the threatened foreclosure. It alleged a trust relation. We cannot properly say that the plaintiff's remedy was solely by action at law for damages.

The bankruptcy of Couture was immaterial. It occurred after the assignment to Riordan, the real plaintiff, which the trustee in bankruptcy took no steps to question.

Whether or not the transfer to the son as a straw by Morin, trustee, was a breach of duty justifying legal proceedings, clearly no right to foreclose was contemplated by the trust agreement. Beginning a foreclosure, failing to sell at a fair price, refusing to transfer to the assignee of the *cestui que trust* at the agreed sum, would support the proceeding instituted and the decree entered. See *Page* v. *Franklin*, 214 Mass. 552; *Ashley* v. *Winkley*, 209 Mass. 509.

Emile F. Morin has done nothing reprehensible. The bill properly was dismissed as against him.

*Decree affirmed with costs.*