Frank D. McKendall
vs.　　　　No. 91026.
Tudor Arms, Inc.

April 24, 1934.

CHURCHILL, J. Heard jury trial waived.

The plaintiff sues on a written contract or covenant entered into between the parties. The date of the plaintiff's writ is March 29, 1933.

The facts are undisputed.

The plaintiff was the holder of two mortgages on the property of the defendant which was located in the City of Cranston. On February 1, 1932, the plaintiff and defendant entered into a written agreement which was limited in performance to a period of seven months. During that time the defendant agreed to pay certain charges on the property and, among other things, agreed to pay "all other obligations against said property * * *." By paragraph 4 the parties made a special agreement in respect to the tax assessed on the property in 1931 and by paragraph 5 it was provided that the defendant was to pay nothing except the amounts and expenses specified in the contract during the period of seven months. On September 25, 1932, the agreement was renewed for "the additional period of six months."

June 15, 1932, the City of Cranston assessed a real estate tax of $3,070.72 against the property. This tax was due and payable without interest between October 10, 1932, and November 21, 1932. It was not paid within that period. From November 21, 1932, the tax so assessed carried interest at the rate of 10%.

The tax being still unpaid plaintiff foreclosed one of his mortgages on April 15, 1933. It was bought in by the McKendall Land Company and a mortgagee's deed was given on April 17, 1933, subject to the outstanding tax.

A receiver of rents and profits of the property covered by the contract was appointed by the Superior Court and the receiver in July, 1933 paid $1,500 on the tax, and paid $1,500 in September, 1932, leaving a balance then due of $335, which the plaintiff paid.

The plaintiff argues that he is entitled to recover the full amount of the tax assessed against the property by the City of Cranston together with interest and expenses, which to date amount to $3,378.39.

Under the agreement to pay "all other obligations against the property" the defendant bound itself to pay the real estate tax of 1932 assessed against the property when the agreement was extended for six months. (Secs. 2 and 3, Chap. 62, Gen. Laws 1923). It is likewise clear that the obligation was absolute and not by way of indemnity. This being so, the plaintiff argues that it is not necessary for the plaintiff to show that he has paid the tax in order to recover, citing

> Rector of Trinity Church vs. Higgins, Adm'r. 48 N. Y. 532;
>
> Rendine vs. Catoia, 52 R. I. 140;
>
> Page vs. Franklin, 214 Mass. 552;
>
> Walton vs. Ruggles, 180 Mass. 24;
>
> Baldwin vs. Emery, 89 Me. 496.

In the Trinity Church case, which is the closest case in point, the defendant, a lessee, had covenanted to pay all taxes and assessments levied against the leased property. Two special assessments were levied and were not paid by the defendant nor by the plaintiff, nor were any proceedings instituted by the city to collect the amount of the assessments.

The plaintiff was held entitled to recover the full amount of the assessments. It is to be observed that the Court took occasion to point out, in reply to the argument of the defendant, that to allow recovery without prepayment by the plaintiff would expose the defendant to hardship and risk; that the defendant, even after judgment, could pay the assessment and then stay execution for all but costs, and on payment of costs would be entitled to entry of judgment satisfied.

Rendine vs. Catoia, 52 R. I. 140, belongs to a familiar line of cases holding that where a purchaser of property has assumed payment of a mortgage note or the like and has breached the obligation, the plaintiff mortgagor may recover although he has not paid the mortgage or mortgage note so assumed. The decisions go on the ground that the contract to pay or assume is absolute and not by way of indemnity.

None of the cases go to the extent of holding that where the principal obligation which the defendant agreed to pay or assume has, in fact, been extinguished by the defendant, or by anyone else, under such circumstances that neither the plaintiff nor his property is exposed to any liability under such obligation, the plaintiff can still recover the amount so paid and thus compel the defendant to pay twice.

In Walton vs. Ruggles, 180 Mass. 24, Judge Holmes, writing the opinion, was careful to limit the amount which the plaintiff was entitled to recover to the amount remaining unpaid on the mortgage. In this particular case, after the plaintiff, who was the original mortgagor of the property, had brought suit against the then owner, who had assumed the mortgage deed, the property was sold at foreclosure sale and the amount of damages was limited to the deficiency arising between the amount obtained at the foreclosure sale and the face of the note.

The plaintiff argues that the damages should be assessed as of the date of the writ and that payment by the defendant or its receiver since that time is an irrelevant fact. Payments on the amount of tax due by the receiver from the income and earnings of the property would certainly go to minimize the damages and would be

admissible in any event under a plea of puis darrein continuance. No objection was raised to the introduction of testimony of payment by the receiver at the hearing on the score of defective pleading.

The plaintiff next argues that it must be presumed that the amount bid for the property at the foreclosure sale was less by just the amount of the then unpaid 1932 tax and that hence the plaintiff has suffered a real loss. Of this there is no evidence and to allow damages on this theory would be to award damages on a purely speculative basis.

The plaintiff himself paid $335 towards the 1932 tax. This, with interest, amounts to $346.25.

Decision for the plaintiff on the count in covenant for $346.25.

For plaintiff: McGovern & Slattery, James A. Higgins.

For defendant: Malcolm D. Champlin.